Allen E. LANDRY, Appellant,

v.

NEW AMSTERDAM CASUALTY COMPANY, Appellee.

No. 18225.

United States Court of Appeals
Fifth Circuit.
June 17, 1960.

Richard C. Baldwin, John McKay, New Orleans, La., for appellant.

Thomas F. Jordan, New Orleans, La., Lemle & Kelleher, New Orleans, La., of counsel, for appellee.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

PER CURIAM.

After an automobile collision the appellant, Allen E. Landry, the driver of one of the cars, brought a suit under the Louisiana Direct Action Statute, LSA–R.S. 22:655, against the insurer of the driver of the other car seeking damages for personal injuries claimed to have resulted from the negligence of the insured. A jury verdict was returned for the defendant, and from the judgment entered on the verdict this appeal was taken. Two questions are presented.

■ The appellant contends that the district court erred in not charging the jury of its own motion that the insured of the appellee was guilty of negligence as a matter of law. To support this position we are directed to Lo Cicero v. Columbia Casualty Co., 5 Cir., 1959, 268 F. 2d 440. In the cited case undisputed facts clearly established negligence as a matter of law. Here there were factual issues which could not properly be decided as matters of law.

■ The appellant complains that the court erred in refusing to permit his counsel to argue before the jury the law with respect to the doctrines of last clear chance and sudden emergency. It is the province of the court to decide questions of law and the province of the jury to determine the facts from the evidence in accordance with the law as given in the court's instructions. 53 Am.Jur. 141, Trial § 156. Counsel's arguments as to the law are to be addressed to the court; not to the jury.

No error being shown, the judgment is Affirmed.